IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:24cr16 |
| | ) | |
| JOSEPH ALLEN, | ) | |
| Defendant. | | |

**DEFENDANT'S RESPONSE TO THE POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING AND MEMORANDUM IN SUPPORT**

Joseph Allen was the actor, not the director, in the tragic events before this Court. The father of the child, Sean Halsey, directed, encouraged, manipulated, and groomed those around him, including Ms. Allen.  The government asks that this Court hold both Mr. Halsey and Ms. Allen to the same level of conduct, but to do so would create an unwarranted disparity.

**Sean Halsey and Joseph Allen are not equals**

Sean Halsey and Joseph Allen were not on equal footing in their relationship.  Sean Halsey sold drugs, and Ms. Allen was a user and an addict.  Sean Halsey had the money to pay Ms. Allen, who was a sex worker.  The money that Ms. Allen received was to keep a roof over her head and to obtain her basic necessities.

Before Sean Halsey, Ms. Allen had obtained CSAM from the internet, but she never created it.  Before Sean Halsey, she only ever participated in fantasy discussions.  She did not suggest to Sean Halsey that he bring his daughter into their sex life.  It was Sean Halsey—his ideas, his instigation, his influence.

1

And when Sean Halsey chose to sedate his daughter and create CSAM, he was the one filming the acts, not Ms. Allen.  Sean Halsey was directing Ms. Allen as to what to do, not the other way around.  Sean Halsey was the director in this case.  He was the leader.

Ms. Allen never agreed to participate in similar conduct again with Sean Halsey. Sean Halsey moved on to a different transgender woman, and it is unknown as to whether he began grooming her as he did Ms. Allen.  Sean Halsey knows the vulnerability of this population; he knows that they are outcasts, the "other."

Should this have ever happened, absolutely not.  But the government's requested sentence—30 years—ignores the power dynamic between Sean Halsey and Ms. Allen.  It ignores Ms. Allen's history and characteristics, including her history experiencing abuse, and it ignores the way abuse of all manners impacts how one responds in a power dynamic such as the one that existed between Ms. Allen and Sean Halsey.

Sean Halsey and Ms. Allen are not equals, and they should not be treated as such.

### Need to avoid unwarranted disparities

Ms. Allen's case does not warrant a within-Guideline sentence.  A 15-year sentence accounts for the aggravating factors while maintaining consistency with sentences imposed for production of child pornography across the country.

The Sentencing Commission reports that in fiscal year 2020, "the average sentence for offenders convicted of production of child pornography was 272 months." U.S.S.C., *Quick      Facts:      Sexual      Abuse      FY      2020,      available      at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-

facts/Sexual_Abuse_FY20.pdf (last visited July 21, 2021).   Eighty-five percent of

individuals convicted of a production offense were convicted of an offense carrying a

mandatory minimum penalty.  *Id.*  Their average sentence was 294 months, while the

average sentence without a mandatory minimum penalty was 146 months.  Nearly half

of all individuals sentenced for sexual abuse offenses—about 41%—received downward

variances from the Guideline range, with an average sentence reduction of about 32%.

*Id.*

### The Government's cases promote disparity.

Both cases cited by the government are from the same division and the same jurist

within a very short period of time, the definition of a limited sampling.  By providing

such a narrow view to the Court, even setting aside the incongruence between those cases

and that of Ms. Allen, the government risks encouraging sentencing disparity.

Ms. Allen agrees that *United States v. Legins*, No. 3:19-cr-104, 2020 WL 4092366 (E.D.

Va. July 20, 2020), accurately reflects the actions undertaken by Sean Halsey as it relates

to Ms. Allen.  But in relying on *Legins* to argue for a harsher sentence for Ms. Allen, the

government again promotes the fallacy that Mr. Halsey and Ms. Allen are on equal

footing.  As set forth above, that is not the case.  Only Mr. Legins and Sean Halsey should

be equated.

Regarding *United States v. Hooper*, No. 21-4220, 2022 WL 1184181 (4th Cir. Apr. 21,

2022) (unpublished), when reviewing the entire pretrial and trial record, there are several

issues that make it inapplicable to Ms. Allen's case and, moreover, substantially

applicable to Sean Halsey.  First, Mr. Hooper had several victims and had a pattern of

alleged enticement and grooming of children.  No. 4:20-cr-18, ECF No. 45 (E.D. Va. July 15, 2020) (Memorandum Order).  Second, after Mr. Hooper groomed the primary victim's mother, who facilitated access to her daughter, he directed the hands-on abuse on multiple occasions.  Third, Mr. Hooper refused to take responsibility for his actions, and in fact was found to have perjured himself.  In short, Mr. Hooper preyed on vulnerable people to facilitate his own gratification with children; he is on closer, if not the same footing, as Sean Halsey, not Ms. Allen.

### Ms. Allen presents representative cases to avoid sentencing disparity.

It is more instructive to compare the facts of Ms. Allen's case with a wider array of cases involving the sexual abuse of children and/or child pornography.  In *United States v. Harris,* for example, the defendant went to trial and was convicted of multiple counts of production of child pornography, transportation of child pornography, online enticement, obstruction of justice, among others.  No. 2:14-cr-76, ECF No. 54 (E.D. Va. Oct. 17, 2014) (superseding indictment).  Based only on the crimes of conviction, Harris was responsible for the sexual abuse of nine different girls on numerous occasions over a period of years.  No. 2:14-cr-76, ECF No. 149 (gov't position on sentencing).  The girls' ages ranged from 12 years old to 17 years old.  At sentencing, the government argued that Harris abused hundreds of other girls.  *Id.*  Typically, Harris posed as an underage boy to engage girls in conversation, demanded sexually explicit photos of the girls or the performance of sexual acts, and then threatened or coerced them to continue sending sexually explicit images.  *Id.*  In addition to the child sexual exploitation offenses, Harris also obstructed justice.  *Id.*  Harris never accepted responsibility for any of his conduct.

He attempted to thwart the United States' prosecution throughout the proceedings. At sentencing, the Court imposed a sentence of 360 months of imprisonment on the production of child pornography counts, and a sentence of 600 months for the violation of § 2422(b), in addition to lower sentences for other offenses. No. 2:14-cr-76, ECF No. 153 (sentencing minutes).

In *United States v. Forbes*, this Court sentenced a defendant who travelled in interstate commerce to have sex with a minor. No. 4:17-cr-117, ECF No. 27 (E.D. Va. July 18, 2018) (Morgan, J.). The defendant, who was in the Navy, started an online relationship with a minor who told the defendant that she was 14 when she was really 11. No. 4:17-cr-117, ECF No. 17 (statement of facts). After interacting online for some time, Forbes flew to Louisiana to meet with the minor. Forbes picked up the minor and took her to a Super 8 Motel where the two drank alcohol together and then engaged in oral and vaginal sex. *Id.* Following that encounter, Forbes dropped the child off outside of her middle school. *Id.* This Court sentenced Forbes to 84 months in prison. No. 4:17-cr-117, ECF No. 29 (judgment).

In *United States v. Otto,* the Court imposed a sentence of 180 months and lifetime supervised release on one count of production of child pornography. No. 3:17-cr-60, ECF No. 58 (D. Or. Apr. 11, 2019). The government described Mr. Otto's conduct in its sentencing pleading as follows:

> In 2016, over the course of several months, David Ernest Otto found, contacted, groomed, and sexually exploited half-a-dozen minor girls. At Mr. Otto's direction—and, consistent with the dominant-submissive relationships he created, on his command—the girls produced and sent Mr. Otto image

5

> after image and video after video of custom-made child pornography: Mr. Otto directed them to penetrate themselves anally and vaginally with foreign objects. And they did. Mr. Otto directed them to call him 'Daddy'. And they did. Otto directed the victims to delete the evidence of his crimes. And they did.

No. 3:17-cr-60, ECF No. 55. Of note, too, is the defendant's sentencing pleading. *See* No. 3:17-cr-60, ECF No. 53. The defense discusses its comprehensive review of other production of child pornography cases within the District of Oregon, stating that among 44 cases involving 41 defendants, it "could not find a single case involving a violation of § 2251 that resulted in a sentence greater than 180 months where there was neither physical contact nor direct exploitation of minors in the defendant's proximity or care. Moreover, even those cases that did involve actual, physical contact and 'hands-on' sex offending sometimes received a sentence at the mandatory minimum." *Id.* at 7-9.

In *United States v. Marco Viscomi*, Marco Viscomi pled guilty to two counts of production of child pornography after fighting extradition from Canada for 7 years. No. 2:12-cr-134, ECF No. 52 (E.D. Va. July 30, 2021) (Smith, J.). For two to three years, Mr. Viscomi engaged in a pattern of conduct that involved chatting online with underage females and coercing them to expose their genitalia and perform sexual activities while he watched. As part of this pattern of behavior, he commanded the girls to use household objects for penetration, to use the objects with force, and to involve siblings or other family members in the abuse. His pattern revealed an interest in bondage, sadism, and gagging/vomiting. When the girls expressed pain, distress, and humiliation during the online encounters, Mr. Viscomi would escalate his behavior or make threatening

6

remarks.  His threats exploited the girls' sense of embarrassment or shame surrounding sex and sexual activity.  In the case of Jane Doe 1, Mr. Viscomi told her he had gained access to information about her sexual activity through her computer and threatened to reveal that information to her family if she did not comply.  In addition to the Jane Does identified in the complaint/information, the government found evidence of at least 70 known minor victims, along with additional victims/attempted victims.  The Court ultimately sentenced Mr. Viscomi to 40 years in prison.  *Id.*

And recently, in *United States v. Thomas Cervantes*, Mr. Cervantes pled guilty to the same charges as were pled to in this matter.  No. 2:23-cr-93, ECF No. 47 (E.D. Va. Apr. 26, 2024) (Allen, J.).  From his teenage years until adulthood, Mr. Cervantes groomed and exploited girls his age and younger.  He disseminated compromising photographs of girls in intimate situations, then attempted to exploit and/or exhort them.  While in a committed relationship, he befriended a minor relative of his partner, along with the minor relative's friends.  He filmed himself having sexual intercourse with a 12-year-old girl.  Then, he traded this video, not knowing that the person on the receiving end was an FBI agent.  Mr. Cervantes received a sentence of 35 years for his continuing pattern of behavior over multiple years.  *Id.*  Again, such behavior and sentence is more akin to Sean Halsey—a continuing pattern of conduct, grooming, and direction.

While none of these cases is the same as Ms. Allen's, there are comparable factors.  Because sentencing requires an assessment of the *relative* seriousness of Ms. Allen's offense, these other cases are relevant data points.  All the cases described above involved serious sexual misconduct with minors.  *Forbes* involved hands-on sexual activity with a

minor.  *Harris* involved a trial, many counts of conviction including obstruction of justice, and continued misconduct by the defendant throughout the proceedings, in addition to many other aggravating factors.  *Cervantes* involved a pattern of conduct and grooming. *Otto* involved multiple minor victims and commands to engage in penetration with various objects.  The defense's disparity analysis in *Otto* is particularly helpful.

What Ms. Allen asks the Court to take away from these cases is that, when viewed in the context of other child pornography and child sexual abuse offenses, and considering the mandate of  18 U.S.C. § 3553, a sentence of 30 years for Ms. Allen would create a striking disparity.  Similar conduct has resulted in lower sentences, and sentences of that magnitude have resulted from more serious conduct.

Ms. Allen acknowledges that her offense was incredibly serious.  Her requested sentence of 15 years is sufficient to balance out the mitigating and aggravating factors in her case.  A sentence of 30 years would be greater than necessary.

Respectfully submitted,

JOSEPH ALLEN

By:  _____/s/_____
Suzanne V. Suher Katchmar
Virginia State Bar No. 37387
Assistant Federal Public Defender
Office of the Federal Public Defender
Attorney for Joseph Allen
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0890
Facsimile: 757-457-0880
suzanne_katchmar@fd.org

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of October 2024, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

Clayton D. LaForge
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
clayton.laforge@usdoj.gov

I FURTHER CERTIFY that I have electronically mailed this pleading to the following non-filing user:

Nicole Pender
United States Probation Officer
United States Probation Office
600 Granby Street, Suite 200
Norfolk, Virginia 23510

_____/s/_____
Suzanne V. Suher Katchmar
Assistant Federal Public Defender
Virginia State Bar No. 37387
Attorney for Joseph Allen
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0890
Facsimile:  757-457-0880
suzanne_katchmar@fd.org

9