IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:24-CR-16 |
| | ) | |
| JOSEPH ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO RESPONSE TO GOVERNMENT'S POSITION ON SENTENCING**

The United States respectfully and briefly addresses Joseph Allen's response to the government's position on sentencing.

**I.    Reply to Defendant's Response to Government's Sentencing Position**

A.    The Victim is Fortunate to Be Alive

The defendant, in two filings, has failed to address sexually assaulting the four-year old girl

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████    PSR ¶ 72.    Among her

many clear and grotesque messages about the girl, she wrote: "As long as I can get her comfortable

with the sex I'll do anything."  PSR ¶ 15.  Exposing a victim to ███████████████ is a fact

meriting serious consideration.  ███████████████████████

████████████████████████████

B.    The Defense Fails to Refute Allen's Eager and Excited Role in the Abuse

Allen's text messages about the harm to the girl with Halsey demonstrate her mentality, PSR

¶ 15.  Even exclusive of Halsey, Allen went on to distribute the imagery, knowing she could get

"low-key fed time" and did not "want to be set up," in sending a photograph of her "niece pussy n

1

shit." PSR ¶ 17. To reiterate, Halsey did not force her to write: "I can send you a pussy pic. But frfr u not a cop right." PSR ¶ 18.

C. Sean Halsey Has Not Been Sentenced: There Can Be No Disparity, Nor Is One Intended

The defendant's response makes much of Halsey's role as the director of the child pornography and the provider of the child. ECF No. 43 at 1-2. The government does not disagree that Halsey played a key role and will also ask for the statutory maximum, but so did Allen.

At this time, there can be no sentencing disparity because no one else has been sentenced. Even assuming both defendants receive 30 years, there is no disparity. First, Halsey was not charged with distributing the child pornography, but Allen was—and indeed did plead guilty to violating Section 2252(a)(2). In that respect, Allen's offense was worse. Ensuring she was evading law enforcement before distribution, she knew the imagery was unlawful. Second, Allen knowingly sexually assaulted a child ████████████████████████████████. That fact, to the government's understanding at this time, is not a component of Halsey's case.

Third, the government does not "ignore[] Ms. Allen's history and characteristics, including her history of abuse." ECF No. 43 at 2. The government could not have been clearer: "There is no question that there exists—and it is important to squarely acknowledge—a tortured and discriminatory history involving individuals who identify as transgender. Her story deserves significant attention when understanding who Joseph Allen is, because it embodies that tortured history in many respects. *See* PSR ¶¶ 62-65." Gov't Sentencing Position at 3-4. The government proceeded to state: "It is critical to confront that history head-on." *Id.* at 4. Far from ignoring this important component of the defendant's history and characteristics, the government analyzed it in the context of her specific statements and actions in the commission of her crimes, citing her own words demonstrating she was aware law enforcement could be investigating her conduct, PSR ¶ 18, recognizing that Allen was hurt worse than any child should be and deserves help, and clarifying that

Halsey had no involvement in the *distribution* of the child pornography that she feared law enforcement might be surveilling. *Id.* at 5. There is no disparity when her actions clearly demonstrate she was under no duress or undue influence in selling the material, and the government's analysis accounts for her tragic upbringing while assessing the facts of her crimes.

      D.      The Defendant Inexplicably Criticizes the Government's Use of *Legins* and *Hooper*

It is unclear why the defense states that the government "rel[ies] on *Legins* to argue for a harsher sentence for Ms. Allen." ECF No. 43 at 3. Not only did the government cite *Legins* to show that individuals who identify as transgender face real danger, and that mitigation may be warranted in certain cases, it also stated that Halsey seemingly groomed Allen. The government even provided the precise parenthetical supporting a sentencing enhancement because a guard groomed transgender inmates, demonstrating discriminatory behavior against individuals who identify as transgender. To be frank, the government included *Legins* because it is caselaw that provides helpful context on a developing area of the law, may counsel mitigation, the government sought to address an important question with the Court, and analyze why—in this case—mitigation is not appropriate. At no point does the government rely on *Legins* for anything but recent historical context that may be helpful to the Court's analysis in determining whether to mitigate.

Nor does the government overreach with *Hooper*. The defendant states that 30 years is an unwarranted disparity but, in *Hooper*, the Fourth Circuit affirmed a life sentence for a child pornographer who had sex with a 15-year old and did not distribute the child pornography. *United States v. Hooper*, No. 21-4220, 2022 U.S. App. LEXIS 10915, *11, *18 (4th Cir. Apr. 21, 2022). The government was clear and direct in stating that *Hooper* did not involve a transgender individual and that Hooper was a perjurer, and cited the case to show that a sentence greater than 30 years has been affirmed. Moreover, unlike Hooper, Allen *did* distribute the child pornography, and the victim here was four-years old, not 15. Thirty years compared to a life sentence in *Hooper* is no unwarranted

disparity in the Fourth Circuit.

Far from presenting a "limited sampling" of caselaw, ECF No. 43 at 3, the defense wholly declines to address the additional cases the government cites. Gov't Sentencing Position at 8. Instead, the defense responds with cases that involve *teenage* girls, not four-year olds, in failing to address the victim's tender age; and they certainly do not address sexual assault by a defendant ██ ████████████████████████████████. But other courts have addressed sexual assaults of four-year olds, and those sentences demonstrate that there is no sentencing disparity for a hands-on violation against a four-year old. *United States v. Boone*, 97 F.4th 1331, 1338-43 (11th Cir. 2024) (defendant who physically assaulted a four-year old girl received 840 months' imprisonment); *United States v. Shifflett*, 773 F. App'x. 214, 214-15 (5th Cir. 2019) (affirming 30-year term of imprisonment for using a four-year old to produce child pornography); *United States v. Norton*, 557 F. App'x 615, 617-18 (8th Cir. 2014) (affirming 30-year term of imprisonment for sexually assaulting and producing child pornography of a four-year old whom defendant babysat); *United States v. Taylor*, 442 F. App'x 215, 215-20 (6th Cir. 2011) (affirming 30-year term of imprisonment for performing sexual acts on a four-year old in production of child pornography).

The defense's own descriptions of supporting caselaw emphasize that there is no disparity: *Harris* and *Viscomi* were an online sextortion crime, not a hands-on offense; there is no discussion of hands-on conduct in the discussion of *Otto*; *Cervantes* involved a 12-year old, not a four-year old (and Cervantes received 35 years), and; *Forbes* involved a teenager, not a four-year old. ECF No. 43 at 6-7.

## II.     Conclusion

For the reasons stated above, the government respectfully submits that a within-Guidelines sentence of 360 months' imprisonment is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted:


Jessica D. Aber
United States Attorney
Eastern District of Virginia


By:_____/s/_____
     Clayton D. LaForge
     Assistant United States Attorney
     VA Bar No. 84075
     101 West Main Street, Suite 8000
     Norfolk, Virginia 23510
     Tel. - 757-441-3131
     E-mail Address – clayton.laforge@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I further certify that on October 15, 2024, I will send an electronic copy of the foregoing to the following:

Nicole Pender, United States Probation Officer.

_____/s/_____

Clayton D. LaForge
Assistant United States Attorney
